## COMMONWEALTH v. W. B. BUTLER.

PETITION BY DEFENDANT FOR THE ALLOWANCE OF A CERTIORARI TO THE COURT OF QUARTER SESSIONS OF PIKE COUNTY.

Submitted November 5, 1891—Refused November 9, 1891.

It is unnecessary that an indictment for larceny should aver an intent, on the part of the defendant, to deprive the owner permanently of his property and to convert it to the taker's own use, against the will of the owner; or that the verdict finding the defendant guilty should find also the value of the property taken : Allocatur refused.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 000 January Term 1892, Sup. Ct.

On November 5, 1892, W. B. Butler presented his petition to the Supreme Court, verified by affidavit and setting forth :

That to No. 7 October Term 1891 of the Court of Quarter Sessions of Pike county, he was indicted, convicted and sentenced upon a charge of larceny ; that, after verdict and before sentence, he filed his motion in arrest of judgment, which motion was overruled, the ruling excepted to, and exception sealed ; that, on October 23, 1891, the petitioner was sentenced upon

said indictment and conviction; all of which would be shown by the exemplification of the record submitted.

That manifest errors were committed by the court below, to wit:

1, 2. In refusing to arrest the judgment for the first and second reasons assigned therefor.

3, 4. In the sentence, in that it was in the alternative, and vague, uncertain and unintelligible as to a part of the penalty imposed, and was unreasonably excessive and unjust.

Praying for an allocatur, and for an order staying proceedings.

The record filed with the petition showed that the indictment charged that William B. Butler, at the county of Pike, on the night of August 13, 1891, one pair of oxen of the value of seventy-five dollars, of the goods and chattels of Melvin Young, " feloniously did steal, take and lead away from the pasture field occupied and used by Melvin Young," contrary etc.; that the jury returned a verdict finding the defendant " guilty;" that, after verdict and before sentence, the defendant moved the court in arrest of judgment for the following reasons :

" 1. For that the indictment herein does not allege the taking of the property described in the indictment to have been with an ' intent to deprive the owner permanently of his property, nor with an intent to convert it to the taker's own use,' against the will of the owner.

" 2. For that the verdict does not find any value of the property described in the indictment."

The record showed further, that, the motion being overruled, the sentence of the court was that the said William B. Butler pay the costs of prosecution, and a fine of fifty dollars; that he restore the stolen property to the owner if not already restored, or pay the owner the value thereof or of so much of the same as had not been restored; that he undergo an imprisonment in the state penitentiary for the eastern district of Pennsylvania at separate or solitary confinement for the term of three years; and that he stand committed, etc.

That larceny is a felonious taking with an intent to deprive the owner permanently of his property, and to convert it to the taker's own use, the petitioner in a brief filed cited: Rex

v. Halloway, 2 C. & K. 945 ; Cassels v. State, 4 Yerg. 149 ;
Wright v. State, 5 Yerg. 154 (26 Am. Dec. 258) ; McDaniel
v. State, 8 Sm. & M. 401 (47 Am. Dec. 93) ; Russell on Crimes,
6th ed., 7 ; State v. Bonwell, 2 Harr. 529 ; Commonwealth v.
Weld, Thatcher's C. C. 157 ; and the intent should be averred :
People v. Lohman, 2 Barb. S. C. 216 ; Gobe v. State, 1 Eng.
(Ark.) 519 ; Rex v. Osmer, 5 East 304 ; 2 Hawk. P. C. 25,
§ 57.    That the verdict should find the value of the property
stolen : § 72, act of March 31, 1860, P. L. 447 ; Hope v. Com-
monwealth, 9 Metc. 134 ; People v. Wiley, 3 Hill 194 ; State v.
Allen, 1 Charl. 518.

PER CURIAM :
This record discloses no error, and an allocatur is
                                                    Refused.