## Sperling Tobacco Company v. Trischitti.

*Judgment — Striking off certification from Quarter Sessions to Common Pleas—Stolen goods—Restitution—Finding of value—Assessment of damages by prothonotary—Amended sentence—Act of 1901.*

1. Under the Act of May 8, 1901, P. L. 143, authorizing certification from Quarter Sessions to Common Pleas of an order, sentence, decree or judgment for the payment of money, there is no authority to proceed before the prothonotary to assess damages, and judgment entered on such assessment will be stricken off without prejudice to plaintiff to have an amended sentence entered in the Common Pleas as a judgment.

2. It is not necessary that the verdict of the Quarter Sessions should find the value of the stolen property, although authority to impose sentence of restitution or to pay value carries power to fix value, and the Court of Quarter Sessions may enter an amended decree fixing the value.

Rule to strike off judgment for value of property stolen. C. P. Luzerne Co., March T., 1926, No. 4141.

*N. M. Curcio*, for plaintiff; *Frank J. Flannery*, for defendant.

McLEAN, J.—Defendant was indicted upon the charge of (1) larceny and (2) receiving stolen goods, to wit, 110 cartons of cigarettes of a value of $5000, property of the Sperling Tobacco Company. Upon conviction upon the second count, the court imposed the following sentence: "To pay a fine of $50, to pay the costs of prosecution, restore property stolen, if not already restored, or pay full value to owner, . . . and that he stand committed until this sentence is complied with."

Thereupon this sentence was certified by the clerk of the courts to the Court of Common Pleas and judgment entered thereon, and thereafter, upon præcipe of attorney for the Sperling Tobacco Company, the record was amended so as to join the Sperling Tobacco Company as party plaintiff, and upon affidavit of ownership and value of property stolen and received by defendant, the prothonotary was directed to assess damages, which was accordingly done, and judgment entered for plaintiff in accordance therewith for the sum of $7360, with interest from the date of the taking, in all $7558.48.

Defendant has obtained rule to strike off judgment for the reason that it was entered without warrant in law. Plaintiff contends that this procedure is authorized under the Act of May 8, 1901, P. L. 143, which provides in part as follows:

"Section 1. Be it enacted, etc., that where any Court of Quarter Sessions of the Peace or Court of Oyer and Terminer of this Commonwealth has heretofore made or entered, or shall hereafter make or enter, any order, sentence, decree or judgment for the payment of any moneys whatsoever, in any matter or thing within the jurisdiction of the said court, a copy of the said order, sentence, decree or judgment may be certified to any Court of Common Pleas of the same county and be entered and indexed in said court as a judgment with like force and effect as if the same had been recovered therein as a judgment of the latter court."

A close scrutiny of the provisions of the Act of 1901, *supra*, reveals that only such order, sentence, decree or judgment of the Court of Quarter Sessions or Oyer and Terminer as provides for the payment of any moneys whatsoever may be certified to the Common Pleas. The sentence in the instant case, in conformity with the provisions of the Act of March 31, 1860, § 179, P. L. 382, was "to restore the property stolen, if not already restored, or pay value to owner."

Sperling Tobacco Company v. Trischitti.

The verdict of guilty upon the count of receiving did not find the value of the stolen property, nor was this necessary: Com. *v.* Butler, 144 Pa. 568. Clearly, the authority to impose sentence requiring restitution of the property, or to pay the value thereof, carries with it the power to fix the value to be paid; otherwise, the sentence in this regard, to wit, to pay the value thereof, would be a nullity. In accordance with the inherent authority so to do, pending the disposition of this rule, the sentence imposed was amended by the court so as to fix the value of the stolen property by the following order:

"Now, July 1, 1926, it appearing to the court that on Feb. 24, 1926, the court sentenced defendant, Rosario Trischitti, to pay a fine of $50, pay the costs of prosecution, restore property stolen or pay value thereof to the owner and undergo imprisonment in Luzerne County Prison for an indeterminate term, the minimum to be one year, the maximum to be two years, and that he stand committed until sentence is complied with, and the court's attention having been drawn to the fact that we did not state the value of the property stolen, as disclosed upon the trial of the case and as to which there was no denial, upon motion of the district attorney, we do hereby declare that the value of the property stolen, to wit, thirty cases of cigarettes, was $1728."

We find no authority for the proceedings instituted by plaintiff to fix the value of the stolen property, to wit, the assessment of damages by the prothonotary, and accordingly the judgment predicated upon these proceedings is struck off, without prejudice, however, to the right of plaintiff to have certified to the Court of Common Pleas the amended sentence and to have same entered and indexed in said court as a judgment with like force and effect as if the same had been recovered therein.

Rule to strike off judgment absolute.

From Frank P. Slattery, Wilkes-Barre, Pa.